# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TADEUSZ KSIENIEWICZ,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>CITY OF LA MESA, et al.,<br><br>　　　　　　Defendant. | CASE NO. 13cv572-LAB (DHB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

On March 12, 2013, Plaintiff Tadeusz Ksieniewicz filed his complaint along with a motion to proceed *in forma pauperis* (IFP). The IFP motion is, however, incomplete. It omits the date of Plaintiff's last employment, how much he earned, and the name and address of his last employer. Of the sources of income, he checked "Yes" for Social Security, disability, or other welfare, but left all others blank. Although asked to provide the amount he received and what he expects to continue to receive from this source of income, he left that portion of the form blank. Although it appears likely Plaintiff would be eligible to proceed IFP, it isn't completely clear at this time. The IFP motion is therefore **DENIED WITHOUT PREJUDICE**.

Assuming Plaintiff is able to file a complete IFP motion showing that he is without funds to pay the filing fee, the Court will still be required to screen the complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary

/ / /

relief from an immune defendant.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The only source of jurisdiction the complaint identifies is federal question jurisdiction, because the complaint identifies 42 U.S.C. § 1983 as the basis for some of its claims.  The parties are not diverse, and the complaint seeks an award of $675 only, so diversity jurisdiction is absent. If the § 1983 claim is invalid, the Court cannot exercise jurisdiction over Plaintiff's remaining state-law claims.

The complaint is based on the allegedly arbitrary towing of Plaintiff's car. The complaint doesn't identify the date it happened, but describes a series of events separated by one or two weeks. The last event in the series occurred when Plaintiff went to La Mesa police headquarters to report his car stolen. He alleges police told him they towed or confiscated his car. When he pointed out he had a disabled placard, which under Cal. Vehicle Code § 22511.5 allowed him to park for unlimited times in certain restricted zones, he alleges the police said they didn't care about the law and were right to take his car. The chronology alleged in the complaint shows this happened in the fall of 2010.

Because § 1983 does not have its own statute of limitations, the Court must apply the most analogous state statute of limitations. In California, that statute of limitations is two years. *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004) (citing *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002); Cal. Civ. Proc. Code § 335.1). The statute of limitations on Plaintiff's claims therefore expired in the fall of 2012, and his claims are time-barred by about five months.

The Court also notes that state court records show Plaintiff is involved in litigation with the City of La Mesa's police department. Case number 37-2010-00071893-CL-CR-EC, *Tadeusz Ksieniewicz v. City of La Mesa Police Department* is now on appeal. If this case involves claims based on the same towing incident, the Court would likely abstain from deciding this case until the state court case is final. *See Janopaul + Block Companies, LLC v. St. Paul Fire & Marine Ins. Co.*, 830 F. Supp. 2d 976 (S.D.Cal., 2011) (where federal court action involved substantially the same parties and issues as in state court proceedings,

federal court would apply the doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and abstain pending resolution of appeals by state court).

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. If Plaintiff believes he can amend to show that he is entitled to tolling, he may file an amended complaint no later than **April 9, 2013**. The amended complaint must provide the approximate date he visited the police station to report his car stolen, and it must show why he is entitled to tolling. It must also state whether Plaintiff has been involved in any state court litigation or other legal proceedings involving the towing of his car and, if so, what the outcome of those proceedings or that litigation was. If he files an amended complaint, he must at the same time either file a <u>complete</u> IFP motion, or else pay the filing fee. If he does not take both these steps within the time permitted, this action will remain dismissed, and Plaintiff will not be given leave to amend.

**IT IS SO ORDERED**.

DATED: March 15, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge