# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TADEUSZ KSIENIEWICZ,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CITY OF LA MESA, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv572-LAB (DHB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT** |

　　　　Plaintiff Tadeusz Ksieniewicz, proceeding *pro se*, filed his complaint on March 12, 2013, along with a motion to proceed *in forma pauperis* (IFP). On March 18, the Court denied his IFP motion without prejudice, noting that it was incomplete. In the same order, the Court noted that, assuming Ksieniewicz filed a complete IFP motion and was granted leave to proceed IFP, the Court would be required to screen his complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court is also required to examine its own jurisdiction, *sua sponte* if necessary. and to dismiss the complaint if jurisdiction was lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 954 (9th Cir.2011) (en banc).

　　　　The Court's order of dismissal pointed out that Ksiewicz was bringing only one federal claim, under 28 U.S.C. § 1983 for allegedly unlawful towing of his car, and the remaining claims were supplemental claims arising under state law. The order mentioned two serious

obstacles, and directed Ksiewicz to address them in his amended complaint. Those obstacles were, first, the statute of limitations, and second, a case pending in state court in which Ksieniewicz was bringing the same or similar claims. The order explained that any amended complaint Ksieniewicz filed should show why he is entitled to tolling on his otherwise time-barred claim, and explain the status of any state court proceeding.

Ksieniewicz then submitted a renewed IFP motion, and an amended complaint. By an order issued April 8, the Court accepted these for filing.

Ksieniewicz's renewed IFP motion shows he is unable to pay the filing fee and still provide the necessities of life for himself. His motion to proceed IFP is **GRANTED**. The Court is again required to screen the complaint and to dismiss it if it fails to state a claim, or if the Court lacks jurisdiction.

The amended complaint does not comply with Fed. R. Civ. P. 8 in that it does not state a cause of action or explain why the Court has jurisdiction. Instead, it is a brief on the issue of tolling, and addresses the *Rooker-Feldman* doctrine, which the Court's order did not mention.[1] In this order, however, the Court will focus on the problems already pointed out to Ksieniewicz, which he has had an opportunity to address. Although the issues raised in the state court proceedings were unknown, the amended complaint appears to concede that they are the same, and that they are still pending. Ksieniewicz's complaint is that the state courts ought to have given him a hearing instead of deciding his appeal on the written pleadings, and that they are dragging their feet in deciding his appeal. The documents attached to the amended complaint, however, show that he had at least the opportunity to present written briefs to the California court of appeals. The same documents show he is proceeding *pro se* in state court.

---

[1] Because the state court action was apparently still pending, it appeared *Rooker-Feldman* would not be applicable. Instead, the Court cited *Janopaul + Block Companies, LLC v. St. Paul Fire & Marine Ins. Co.*, 830 F. Supp. 2d 976 (S.D.Cal., 2011) for the principle that, where a federal court action involved substantially the same parties and issues as in state court proceedings, the federal court would apply the doctrine announced in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976) and abstain pending resolution of appeals by state court.

Under these circumstances, the Court would ordinarily go through *Colorado River* abstention analysis. Here, however, it is not possible to do so because Ksieniewicz addressed the *Rooker-Feldman* doctrine instead of abstention. But in any event, abstention analysis is necessary, because Ksieniewicz's only federal claim is time-barred. As discussed in the Court's order of March 18, Ksieniewicz's claim accrued in the fall of 2010 and is subject to a two-year statute of limitations. Ksieniewicz does not argue that a different statute of limitations applies, only that he is entitled to tolling. His argument is that Defendants delayed his state court case, hoping the statute of limitations would expire, and also that Defendants' attorney on March 29, 2011 wrote him a letter urging him not to appeal his loss in the trial court. And, as mentioned, Ksieniewicz has referred to state courts' foot-dragging.

None of these, however, provide any reason for tolling. If Ksieniewicz had a federal claim, he could have filed it in this Court from the start. Any delays he encountered while litigating in state court did not prevent him from filing his complaint in this Court. Ksieniewicz is suing the City of La Mesa, and no exhaustion of administrative remedies is required. Because he is not entitled to tolling, his § 1983 claim must be dismissed. Because the parties are not diverse, the Court cannot exercise supplemental jurisdiction over the state law claims.

The amended complaint attempts to add another federal claim, this time arising under the Americans with Disabilities Act. The only mention of Ksieniewicz's disability in either the amended complaint or the original complaint is the fact that he told police he was entitled to leave his car parked in the street without moving it because he had a blue disability placard. This claim arose from the same events as did his § 1983 claim, and accrued at the same time. Even assuming the ADA claim is not also time-barred, *see St. Amand v. Block*, 472 Fed. Appx. 807, 808 (9th Cir. 2012) (citing *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002)) (holding that California's statute of limitations for personal

/ / /

/ / /

/ / /

injury actions applies to claims brought under Title II of the ADA),[2] the incident he describes does not give rise to an ADA claim.

The original complaint said Ksieniewicz's car was singled out and marked because it was left parked on the street and had not been moved within 72 hours. He alleges police came back later and marked his car again, but not other cars, even though those other cars had been there longer. He does not allege a reason for their singling him out; instead, he merely predicts that the answer, when it is revealed, will shock everyone. The complaint does not allege whether any of the other cars were displaying the same disability placards as Ksieniewicz's car. The complaint alleges that at different times, other cars were not marked or towed even though they had not been moved and exhibited other violations, such as expired registrations and being in inoperable condition. It alleges that, after Ksieniewicz's car was towed, he went to the police station and found out they had towed it. He argued to the police that under Cal. Vehicle Code § 22511.5, he was entitled to park on the street indefinitely, but alleges they told him they didn't care what the law said.

Though the complaint doesn't say which title of the ADA Ksieniewicz thinks would apply, claims for adequate parking on public streets are properly analyzed under Title II, which addresses discrimination by public entities in the use of the entity's services, programs, or activities. *See, e.g., Fortyune v. City of Lomita*, 823 F. Supp. 2d 1036 (C.D.Cal., 2011). *See also Jones v. City of Monroe, MI*, 341 F.3d 474 (6th Cir. 2003). The complaint doesn't allege Ksieniewicz needs to park for days at a time in the same space because of his disability, nor that he was treated worse than a non-disabled person would have been. *See O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1060 (9th Cir. 2007) (giving elements for a Title II ADA claim). Rather, his chief complaint is that he was not given the extended parking benefits that California law creates for persons whose vehicles display disabled placards or license plates. These extended parking privileges he claimed are

---

[2] At the time the plaintiff in *St. Amand* brought his claim, the statute of limitations for personal injury actions in California was one year. It is now two years. *See* Cal. Civ. Proc. Code § 335.1.

available only to disabled persons. *See* Cal. Vehicle Code § 22511.5(a) (providing that disabled persons whose vehicles display disabled plates or placards are not bound to obey certain generally applicable restrictions on parking). They are also created by state law, not by the ADA.

The only remedy available under title III of the ADA is injunctive relief, *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), but the complaint doesn't attempt to show why that would be appropriate, nor does it even request it. Although Ksieniewicz owns a car, the complaint does not allege he has had any trouble with police ticketing or towing it since 2010. Bearing in mind the limitations period issue, if police or the city were continuing to ticket and tow his car, he would certainly have mentioned it.

The Court therefore concludes Ksieniewicz's federal claim is now time-barred, that he cannot state any other claims over which the Court could exercise jurisdiction, and that further amendment would be futile. The complaint is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: May 9, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge